# Vandergrift's Appeal.

1. A legacy was charged on land devised; the devisee entered into possession; the legatee contested the will; the devisee tendered her the legacy with interest to the time of tender, which she refused. *Held*, that she was not entitled to interest after the tender.

2. Her contest of the will was a refusal of the legacy and she was not entitled to interest until demand.

3. There being no demand for the legacy until petition in the Orphans' Court for a decree of payment, interest stopped until filing the petition.

November — 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Orphans' Court of *Allegheny county*: Of October and November Term 1875, No. 254.

The question in this case arose under the will of George Light-

hill, deceased, dated June 28th 1867, and proved July 15th in the same year. He devised a farm and some other real estate to his son, John Lighthill, in fee. The will contains also this clause:—

" I further devise her (his daughter, Margaret Vandergrift,) the sum of $2000 out of the bequests made to him, my son, John Lighthill, to be paid over to his said sister, Margaret Vandergrift, and her heirs."

He appointed John Morrison his executor.

On the 13th of February 1875, James Vandergrift, administrator, &c., of Margaret Vandergrift, deceased, James L. Vandergrift, and others, her heirs-at-law, petitioned the Orphans' Court, setting out the will of George Lighthill, his death and the probate of the will; the devise to his son and the bequest to his daughter Margaret; that John entered into possession of the real estate devised to him; the death of Margaret the 19th of June 1871; that the legacy of $2000 had not been paid to Margaret in her lifetime, nor to her representatives since her death, although legal demand was made for it, but the same was still due, with its interest. The prayer was for a citation to the devisee and the executor, and that a decree be made for " the payment of said legacy of $2000, so bequeathed to said Margaret Vandergrift, and so charged upon the said real estate devised to John Lighthill."

The respondent, John Lighthill, answered, amongst other things, denying the right of the petitioners to interest; that upon the 8th of February 1870, the whole of the sum of $2000 and interest thereon was tendered to Margaret Vandergrift and her husband, and by them peremptorily refused; that Margaret Vandergrift and her husband had by their own acts prevented the settlement of George Lighthill's estate, by aiding in contesting his will, thereby casting a cloud upon the title and preventing a beneficial sale of the property.

These facts appeared on the hearing before the Orphans' Court. The Orphans' Court (Hawkins, J.,) decreed, April 17th 1875, that James Vandergrift, administrator, &c., of Margaret Vandergrift, deceased, recover from John Lighthill the sum of $2000, with interest from the 28th day of June 1868 until the 8th day of February 1870, &c.

The petitioners appealed to the Supreme Court, and assigned for error the refusal of the court to allow interest on the legacy after February 8th 1870.

*J. Barton,* for appellant.—To make the tender available it should have been paid into court: Sheredine *v.* Gaul, 2 Dallas 190; Cornell *v.* Green, 10 S. & R. 14; Seibert *v.* Kline, 1 Barr 38; Harvey *v.* Hackley, 6 Watts 264.

*T. M. Marshall,* for appellees.—The party by whose default,

[Vandergrift's Appeal.]

payment is delayed shall lose the interest during the delay. A tender need not be kept up where the agreement is executory, and acts of the parties are to be concurrent: Thompson *v.* McKinley, 11 Wright 355; Magaw *v.* Lothrop, 4 W. & S. 321; Henry *v.* Raiman, 1 Casey 361; Williams *v.* Bently, 3 Id. 294.

Judgment was entered in the Supreme Court, November 8th 1875,

PER CURIAM.—The petition in this case was for a legacy to be paid by John Lighthill, a devisee under George Lighthill's will and charged upon his devise. The petitioner having contested the will of George Lighthill necessarily attacked the very devise upon which her legacy rested. It is evident John Lighthill was thereby prevented from safely paying the legacy until Mrs. Vandergrift's litigation came to an end. He, however, tendered payment, thereby evincing his willingness and readiness to pay the legacy, if she would accept it. But her contest against the will was a refusal of the legacy. Her own act therefore prevented the running of interest, until she made a demand for the legacy, and thereby evinced her willingness to accept it. The petition for payment is the only demand in evidence, and hence the court was clearly right in refusing interest from the time of the tender until the time of filing the petition.

Decree affirmed with costs and the appeal dismissed.